# EXHIBIT A

FILED
Superior Court of California
County of Riverside
1/13/2021
T. Davis
Electronically Filed

**GREGORY P. WONG (SBN: 204502)**
**JOHN F. LITWIN (SBN: 301611)**
**BARKHORDARIAN LAW FIRM, PLC**
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777
Email: john@barklawfirm.com

**Attorneys for Plaintiff**
**Rita Urrieta**

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| RITA URRIETA, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL DISTRIBUTION CENTERS, LLC, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: CVRI2100226<br><br>COMPLAINT FOR:<br><br>1. Violation of the California Family Rights Act;<br>2. Retaliation in Violation of the California Family Rights Act; and<br>3. Wrongful Termination in Violation of Public Policy;<br><br>UNLIMITED CIVIL<br>DEMAND FOR JURY TRIAL |

Plaintiff, Rita Urrieta (hereafter "Plaintiff" or "Urrieta") alleges, and states as follows:

**PARTIES**

1. Plaintiff RITA URRIETA, at all times relevant herein, was, and is, an individual residing in the City of Moreno Valley, County of Riverside, State of California.

2. Defendant NATIONAL DISTRIBUTION CENTERS, LLC (hereafter "Defendant" or "NDCLLC" is a Delaware Corporation doing business in Perris California. Plaintiff is informed and believes, and thereon alleges, that NDCLLC regularly employed five or more persons at all relevant times to this action.

1
COMPLAINT

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 100, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 100, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility, therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants Does 1 through 100, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

4. Plaintiff is informed, believes, and there upon alleges that each Defendants is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

## JURISDICTION, VENUE & JURY TRIAL DEMAND

5. This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, § 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6. This Court has jurisdiction over Defendant because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum contracts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in this Court, because, upon information and belief, one or more of the named Defendants resides, transacts business or has offices in this county and the acts or omissions alleged herein took place in this county.

8. Plaintiff hereby demands a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is informed and believes and based thereon alleges, that Defendant is

engaged in the business of operating a warehouse/distribution company located at 3722 Redlands Ave, Perris, CA 92571.

10. Plaintiff was hired by Defendant in or about November of 2014. Throughout the relevant time-period, Plaintiff worked for Defendant as a "material handler" and warehouse associate. Plaintiff was a dedicated, extremely devoted, and hard-working employee. Her job primarily consisted of handling and sorting materials in the warehouse. Plaintiff is informed and believes that Defendant employs in excess of fifty individuals throughout southern California.

11. On or about November 29, 2020, Plaintiff began to experience symptoms that seemed to be correlated to those symptoms of the 2019 novel coronavirus (hereafter referred as "COVID-19".) Plaintiff notified Defendant of her situation and symptoms and she called-off from work on November 30, 2020.

12. Plaintiff was tested for COVID-19 on or about November 29, 2020 and she was re-tested on or about December 1, 2020 and both of her tests results were deemed to be positive. Plaintiff immediately notified "Esmeralda," Defendant's human resources representative, via text message, that she had received two positive test results. "Esmeralda" acknowledged that she had received Plaintiff's test results. Plaintiff then requested to take a medical leave. Defendant did not offer Plaintiff any response.

13. On or about December 10, 2020, Defendant informed Plaintiff that her employment was terminated. Plaintiff inquired as to the reason for her termination but was denied an explanation. Plaintiff is informed and believes that the reason for her termination was her request for a protected medical leave. As such, Plaintiff was wrongfully terminated and retaliated against for exercising her right to the California Family Rights Act.

14. Plaintiff filed a complaint of retaliation with the DFEH and she was issued a right to sue letter on January 12, 2021.

### FIRST CAUSE OF ACTION

### Violation of the California Family Rights Act

### (Against all Defendants)

15. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

16. Defendants are subject to the provisions of the California Family Rights Act (CFRA) because they employ fifty (50) or more full-time or part-time employees. Plaintiff was entitled to the benefits of CFRA because she worked for Defendant for more than one year and had at least one thousand two hundred and fifty (1250) hours of service in the year preceding her CFRA leave.

17. CFRA (Government Code § 12945.2) requires an employer to grant up to 12 workweeks leave to an employee to care for his or her own serious health condition. CFRA also requires the employer to reinstate the employee to the same or a comparable job upon completion of the leave.

18. As described above, as a result of her serious health condition, Plaintiff took a CFRA leave. This leave qualified as a covered leave under CFRA because it was to care for Plaintiff's serious health condition. Defendants were at all times aware that Plaintiff was on a CFRA leave.

19. On or about December 10, 2020 and while Plaintiff was still on CFRA leave, Defendants terminated her. Defendants also refused to reinstate Plaintiff to her previous, or a comparable, position.

20. Such conduct violates various provisions of the California Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 et seq., including Government Code § 12945.2 because Defendants refused to allow Plaintiff to take her maximum allowable leave, refused to reinstate her to her previous position, and instead terminated her.

21. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

22. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

23. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of the California Family Rights Act – Gov. Code §12945.2(I)**

**(Against all Defendants)**

24. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

25. Plaintiff claims and hereby alleges that Defendants retaliated against her for requesting and taking a medical leave when she tested positive for COVID-19.

26. Plaintiff has been employed with Defendants since approximately November 2014, and while being in a midst of a pandemic, Plaintiff was eligible for a family/medical leave.

///

27. On or about December 1, 2020, Plaintiff notified Defendants that she had received two positive COVID-19 tests. Plaintiff exercised her right granted by the California Family Rights Act (CFRA) and Cal. Government Code §12945.2(l).

28. Defendants wrongfully terminated Plaintiff on December 10, 2020 and caused harm to Plaintiff.

29. Plaintiff's request for taking medical leave was a substantial and motivating reason for Defendant's wrongfully terminated Plaintiff and this cause severe distress and harm to Plaintiff.

30. Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

31. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, the Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

32. As a further direct, foreseeable, and proximate result of Defendants' unlawful actions, the Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to her damage in an amount to be proven at time of trial.

33. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of her rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION

### Wrongful Termination In Violation of Public Policy

### (Against all Defendants)

34. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

35. Terminating an employee because he or she has a medical condition is illegal. *See* Cal. Gov't Code § 12940(a). Irrespective of any employment contract, the Defendants; right to discharge Plaintiff was subject to limits imposed by public policy of the State of California. It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action for wrongful termination in violation of public policy.

36. Defendants' discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of the Constitution of the State of California, including Article I § 8; and the California Government Code, including but not limited to sections 12920, 12921, 12926.1, 12940,

37. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, the Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

38. As a further direct, foreseeable, and proximate result of Defendants' unlawful actions, the Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to her damage in an amount to be proven at time of trial.

39. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of her rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally, as follows:

**ON THE FIRST CAUSE OF ACTION**

**(Violation of California Family Rights Act)**

1. For lost wages and benefits and other relief in an amount to be determined at trial, but in an amount exceeding $250,000;
2. For compensatory damages in an amount to be determined at trial;
3. For general and special damages in an amount to be determined at trial; and
4. For punitive damages in an amount to be determined at trial.

**ON THE SECOND CAUSE OF ACTION**

**(Retaliation in Violation of CFRA)**

5. For lost wages and benefits and other relief in an amount to be determined at trial, but in an amount exceeding $250,000;
6. For compensatory damages in an amount to be determined at trial;
7. For general and special damages in an amount to be determined at trial; and
8. For punitive damages in an amount to be determined at trial.

**ON THE THIRD CAUSE OF ACTION**

**(Wrongful Termination)**

1. For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;
2. For compensatory damages in an amount to be determined at trial;

3. For general and special damages in an amount to be determined at trial;

4. For punitive damages in an amount to be determined at trial; and

5. For reasonable attorneys' fees.

.

DATED: January 13, 2021

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

*/s/ John F. Litwin, Esq.*

_____
Gregory P. Wong
John F. Litwin
Attorneys for Plaintiff Rita Urrieta